**Louis T. TITUS, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 09–9003.**

United States Court of Appeals, Tenth Circuit.

Dec. 1, 2009.

———

Louis T. Titus, Jemez Springs, NM, pro se.

Steven W. Parks, Kenneth W. Rosenberg, U.S. Department of Justice, Clarissa C. Potter, Internal Revenue Service, Washington, DC, for Respondent–Appellee.

Before HARTZ, SEYMOUR, and ANDERSON, Circuit Judges.

**ORDER AND JUDGMENT***

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Louis T. Titus, proceeding *pro se*, appeals the Tax Court's order denying his motion to vacate a prior order of dismissal by the Court for lack of subject matter jurisdiction. We affirm.

The Tax Court properly concluded that it lacked jurisdiction because Mr. Titus was never issued a Notice of Deficiency or a Notice of Determination. *See* 26 U.S.C. §§ 6213, 6330; *Abrams v. Comm'r*, 814 F.2d 1356, 1357 (9th Cir.1987) (per curiam) (holding that a pre-filing notification letter from the Internal Revenue Service was not a Notice of Deficiency and therefore, the Tax Court had no jurisdiction over the taxpayer's petition); *see also Tuka v. Comm'r*, 348 Fed.Appx. 819, 820 (3d Cir. 2009) (unpublished) ("[T]he lock-in letter ... does not constitute a notice of determination."); *Davis v. Comm'r*, T.C. Memo. 2008–238, 2008 WL 4703706, at *7 (2008) ("[A] lock-in letter is not a levy.").

We have examined all of Mr. Titus's arguments and find them unpersuasive.

**AFFIRMED.**

* This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.